## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.:** 1:22-cv-20695

BASSEM FAYAD,

**Plaintiff,**

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC, MERCEDES-BENZ
FINANCIAL SERVICES USA LLC, CAPITAL
ONE SERVICES, LLC, SANTANDER
CONSUMER USA INC. and
SYNCHRONY BANK,

**Defendants.**
_____/

## COMPLAINT

Plaintiff Bassem Fayad ("Plaintiff") sues Defendant Experian Information Solutions, Inc.,
Defendant Equifax Information Services, LLC, Defendant Trans Union, LLC, Defendant
Mercedes-Benz Financial Services USA LLC, Defendant Capital One Services, LLC, Defendant
Santander Consumer USA Inc., and Defendant Synchrony Bank (collectively, the "Defendants")
for violations of the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and
28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact
business here, and the complained conduct of Defendants occurred here.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is an Ohio corporation whose registered agent in Florida is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

5.      Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

6.      Defendant Trans Union, LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

7.      Defendant Mercedes-Benz Financial Services USA LLC ("Defendant MB") is a Delaware limited liability company, whose registered agent in Florida is C T Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.

8.      Defendant Capital One Services, LLC ("Defendant Capital One") is a Delaware limited liability company, whose registered agent is Corporation Service Company, 1201 Hays Street Tallahassee, FL 32301-2525.

9.      Defendant Santander Consumer USA Inc. ("Defendant Santander") is a Delaware limited liability company, whose registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

10.     Defendant Synchrony Bank ("Defendant Synchrony") is a Delaware limited liability company, whose registered agent is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

## DEMAND FOR JURY TRIAL

11.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

12.     On or about January 18, 2022, Plaintiff sent detailed written disputes (collectively, the "Disputes") for accounts regarding, but not limited to Defendant MB, Defendant Capital One, Defendant Santander and Defendant Synchrony Bank, had by Plaintiff (the "Accounts") to Defendant TransUnion, Defendant Equifax, and Defendant Experian (collectively, the "Credit Reporting Agencies" or "CRAs").

13.     In response to the Disputes, the CRAs promptly and properly gave notice to Defendant MB, Defendant Capital One, Defendant Santander and Defendant Synchrony Bank (collectively, the "Creditors" or "Defendant Creditors") of the Disputes in accordance with the FCRA. Rather than taking the necessary action and conducting an appropriate investigation, however, Defendant Creditors failed to modify, delete or block the inaccurate information reported on Plaintiff's account and, instead, continue to report inaccurate information as to Plaintiff.

## ALLEGATIONS INVOLVING THE CREDITORS

14.     Defendant Creditors are a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

15.     On a date better known by Defendant Creditors, the CRAs promptly and properly gave notice to Defendant Creditors of Plaintiff's disputes in accordance with the FCRA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16.     In response to the notice, it received from the CRAs regarding Plaintiff's disputes, Defendant Creditors did not, and otherwise failed, to conduct a reasonable investigation into the Account the subject of the Disputes.

17.     In response to receiving notice from the CRAs regarding Plaintiff's disputes, Defendant Creditors failed to correct and/or delete information they knew to be inaccurate and/or which Defendant Creditors could not otherwise verify.

18.     Instead of conducting a reasonable investigation, Defendant Creditors erroneously validated the Account and reported and continue to report inaccurate information as to Plaintiff to the CRAs.

### ALLEGATIONS INVOLVING EXPERIAN

19.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

20.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

21.     On January 18, 2022, Plaintiff sent a detailed written dispute regarding the Account to Defendant Experian which read as follows:

> 1. There are twelve (12) addresses listed. The only address I recognize is 16950 N. Bay Rd, Apt 503, Sunny Isles Beach, FL 333160. All other addresses are inaccurate and/or unrecognizable. Please remove all these inaccurate and unrecognizable addresses.
>
> 2. The Capital One Acct # 517805XXX is listed inaccurately. The highest balance listed on this account is wrong. Please remove this.
>
> 3. Discover financial services Acct # 601100XXX is listed inaccurately. The highest balance listed on this account is wrong. Please remove this.
>
> 4. Mercedes-Benz Financial Acct # 500056XXX is listed inaccurately. The dates and balances are all inaccurate. Please remove this.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Case 1:22-cv-20695-DPG   Document 1   Entered on FLSD Docket 03/08/2022   Page 5 of 35

5. Navy Federal CR Union Acct # 500001XXXX, credit limit ($2,500) is listed inaccurately. Please remove this.

6. Navy Federal CR Union Acct # 500001XXXX, credit limit ($24,000) is listed inaccurately. Please remove this.

7. Santander Consumer USA Acct # 300001XXX is listed inaccurately. I have never been late on payments. I have never made a late payment and the balances are incorrect. Additionally, the date this account was opened is incorrect and the dates the balances were updated is incorrect. Please remove these inaccuracies.

8. Santander Consumer USA Acct # 300002XXX is listed inaccurately. I have never been late on payments. I have never made a late payment and the balances are incorrect. Additionally, the date this account was opened is incorrect and the dates the balances were updated is incorrect. Please remove these inaccuracies.

9. SYNCB/AMAZON Acct # 604578XXX is listed inaccurately. The Credit limit is wrong as well as the highest balance. Please remove these inaccuracies.

10. In so far as the Chapter 7 bankruptcy, reference number 1323018LMI, is concerned. This account is listed inaccurately and is unrecognizable. Additionally, this isn't listed by any other credit bureau. Please remove these inaccuracies.

11. ALL the hard inquiries reported on my credit report are unrecognizable and unauthorized by me, except for the following: Capital One 04/12/2021. Please remove the excess inaccurate hard inquires.

12. ALL the soft inquiries reported on my credit report are unrecognizable and unauthorized
by me, except for the following: My Fico, Experian, Internal Revenue, Capital One.

Please remove the excess inaccurate soft inquires.

22.     Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amount reported by Defendant Creditors, Experian continues to report Plaintiff's accounts inaccurately and as "Potentially Negative".

23.     Continuing to report the status of Plaintiffs accounts in this fashion is significant. By continuing to report the status of Plaintiffs accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

25.     Experian failed to conduct a reasonable investigation.

26.     Experian failed to review and consider all relevant information submitted by Plaintiff.

27.     Experian failed to conduct an independent investigation and, instead, deferred to the Creditors despite the evidence and/or information Plaintiff provided to it (Experian).

28.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Experian failed to correct the information.

29.     Experian's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

30.     Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, chose to parrot the information it (Experian) received from the Creditor despite being in possession of evidence that the information was inaccurate.

31.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

32.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### ALLEGATIONS INVOLVING EQUIFAX

33.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

34.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

35.     On January 18, 2022, Plaintiff sent a detailed written dispute regarding the Accounts to Defendant Equifax which read as follows:

```
1. Capital One, is reported inaccurately, the balances are
incorrect, the credit limit is incorrect and the account is stated
as being "closed by guarantor", that is incorrect I am the one who
closed this account. Please remove these inaccuracies

2. Santander Consumer 4.1 Acct # XXXX1000, inaccurately reported
late payments, I was never late, also the dates reporting are wrong.
Please remove these inaccuracies

3. Santander Consumer 4.2 Acct # XXXX1000, inaccurately reported
late payments, I was never late, also the dates reporting are wrong.
Please remove these inaccuracies

4. ALL hard inquiries aren't recognizable and were not authorized
by me except for the following: Wells Fargo Dealer Services on
11/19/2021 and Capital One on 04/12/2021. Please remove these
inaccuracies.

5. ALL soft inquiries aren't recognizable and are not authorized by
me except for the following: Equifax and Credit Karma. Please remove
these inaccuracies.
```

36.     Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amounts reported by Defendant continues to report Plaintiff's accounts inaccurately.

37.     Continuing to report the status of Plaintiffs accounts in this fashion is significant. By continuing to report the status of Plaintiffs accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38.     Credit scoring algorithms take the status of Plaintiff's accounts into consideration when generating a credit score and showing the incorrect account status of these accounts would cause a lower credit score to be generated.

39.     As of the filing of this Complaint, Equifax, nor anyone on Equifax's behalf, has contacted Plaintiff to further investigate the Disputes.

40.     As of the filing of this Complaint, Equifax, nor anyone on Equifax's behalf, has responded Plaintiff's disputes.

41.     Equifax failed to conduct a reasonable investigation.

42.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

43.     Equifax failed to conduct an independent investigation and, instead, deferred to the Creditor despite the evidence and/or information Plaintiff provided to it (Equifax).

44.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Equifax failed to correct the information.

45.     Equifax's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

46.     Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, chose to parrot the information it (Equifax) received from the Creditor despite being in possession of evidence that the information was inaccurate.

47.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

## ALLEGATIONS INVOLVING TRANSUNION

49.     TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." TransUnion regularly obtains and analyzes financial information about

50.     TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

51.     On January 18, 2022, Plaintiff sent a detailed written dispute regarding the Account to Defendant TransUnion which read as follows:

```
1. The only address I recognize is: 16950 N Bay Rd, Apt 503, Sunny
Isles Beach, FL 33160. All the other addresses are inaccurate and
unrecognizable. Please remove these inaccuracies.

2. The Phone numbers are inaccurate, I only recognize 305-778-8788
&amp; 305-333-6165. All other phone numbers are inaccurate, please
remove them.
3. All employers are wrong except for Suxessful Group Corp. Please
remove the other inaccurate employers.

4. Capital One Acct # 517805752752XX, is inaccurately reported. I
have no late payments. The limits are wrong and the high balance is
wrong. Additionally, this account was not closed by grantor, it was
closed by consumer. Please remove these inaccuracies.

5. MB Financial Acct # 500056606XX is inaccurately reported. The
date opened, date updated, and the balances are inaccurate. Please
remove these inaccuracies.

6. Santander Consumer USA Acct # 3000022793432XX, is inaccurately
reported. The balances, date opened and last payment made are
inaccurate. Additionally, I never had late payments and the pay
status, remarks and terms are inaccurate. Please remove these
inaccuracies.

7. Santander Consumer USA Acct # 3000010153906XX is inaccurately
reported. I have never had any late payments. Please remove these
inaccuracies.

8. Capital One Acct # 517805989254XX is inaccurately reported. The
balances, credit limit and date opened are all inaccurate. Please
remove these inaccuracies.
```

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

```
9.   SYNCB/Care credit Acct # 601918361148XX is inaccurately
reported. The high balance and credit limit are both inaccurate.
Please remove these inaccuracies.

10. ALL hard inquiries aren't recognizable and were not authorized
by me except for the following:  Capital One on 04/12/2021. Please
remove the other inaccurate hard inquiries.

11. ALL soft inquiries aren't recognizable and were not authorized
by me except for the following: Transunion, Capital One, Geico and
Rent reporter. Please remove the other inaccurate soft inquires.
```

52.     Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the

amounts reported by Defendant continues to report Plaintiff's accounts inaccurately.

53.     Continuing to report the status of Plaintiffs accounts in this fashion is significant.

By continuing to report the status of Plaintiffs accounts in this fashion, lenders believe Plaintiff

has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by

impacting their credit score negatively.

54.     Credit scoring algorithms take the status of Plaintiff's accounts into consideration

when generating a credit score and showing this incorrect account status would cause a lower

credit score to be generated.

55.     As of the filing of this Complaint, TransUnion, nor anyone on TransUnion's behalf,

has contacted Plaintiff to further investigate the Disputes.

56.     TransUnion failed to conduct a reasonable investigation.

57.     TransUnion failed to review and consider all relevant information submitted by

Plaintiff.

58.     TransUnion failed to conduct an independent investigation and, instead, deferred

to the Creditor despite the evidence and/or information Plaintiff provided to it (TransUnion).

59.     TransUnion possessed evidence that the information was inaccurate as described

by Plaintiff in the Disputes; however, TransUnion failed to correct the information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

60.     TransUnion's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

61.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, choose to parrot the information it (TransUnion) received from the Creditor despite being in possession of evidence that the information was inaccurate.

62.     Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

63.     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Experian)

64.     Plaintiff incorporates by reference ¶¶ 12-18 and 19-32 of this Complaint.

65.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

66.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

67.     Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

68.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

69.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

70.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

71.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

72.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

73.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Experian)

74.     Plaintiff incorporates by reference ¶¶ 12-18 and 19-32 of this Complaint.

75.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

76.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

77.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

78.     Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

79.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

80.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

81.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

82.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

83. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Equifax)

84. Plaintiff incorporates by reference ¶¶ 12-18 and 33-48 of this Complaint.

85. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

86. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

87. Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

88. Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

89.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

90.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

91.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

92.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

93.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such,

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Equifax)

94.     Plaintiff incorporates by reference ¶¶ 12-18 and 33-48 of this Complaint.

95.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

96.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

97.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

98.     Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

99.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of

inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

100.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

101.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

102.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

103.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant TransUnion)

104.    Plaintiff incorporates by reference ¶¶ 12-18 and 49-63 of this Complaint.

105.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

106.    TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

107.    TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

108.    TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

109.    The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

110.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

111.    The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

112.    As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

113.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (against Defendant TransUnion)

114.    Plaintiff incorporates by reference ¶¶ 12-18 and 49-63 of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

115.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

116.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

117.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

118.    Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

119.    TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

120.     The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

121.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

122.     As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

123.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (against Defendant MB)

124.     Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

125.     On at least one occasion within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

126.     On at least one occasion within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

127.    On at least one occasion within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

128.    Upon information and belief, Defendant MB was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

129.    When Defendant MB received notice of Plaintiff's dispute from the CRAs, Defendant MB could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

130.    Defendant MB would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff.

131.    Defendant MB's investigation was per se deficient by reason of these failures on Defendant MB's investigation of Plaintiff's dispute.

132.    As a direct and proximate result of Defendant MB's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

133.    Defendant MB's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant MB, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (against Defendant MB)

135.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

136.    On at least one occasion within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

137.    On one or more occasions within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

138.    On one or more occasions within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

139.    When Defendant MB received notice of Plaintiff's dispute from the CRAs, Defendant MB could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

140.     Defendant MB would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant MB had reviewed its own systems and previous communications with the Plaintiff.

141.     Defendant MB's investigation was per se deficient by reason of these failures on Defendant Creditor's investigation of Plaintiff's dispute.

142.     As a direct and proximate result of Defendant MB's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

143.     Defendant MB's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

### COUNT 9
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Capital One)

144.     Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

145.     On at least one occasion within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

146.     On at least one occasion within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

147.     On at least one occasion within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

148.     Upon information and belief, Defendant Capital One was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

149.     When Defendant Capital One received notice of Plaintiff's dispute from the CRAs, Defendant Capital One could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

150.     Defendant Capital One would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Capital One had reviewed its own systems and previous communications with the Plaintiff.

151.     Defendant Capital One's investigation was per se deficient by reason of these failures on Defendant Capital One's investigation of Plaintiff's dispute.

152.     As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

153.     Defendant Capital One's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

154.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Capital One, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 10**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Capital One)

155.     Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

156.     On at least one occasion within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

157.     On one or more occasions within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

158.     On one or more occasions within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

159.     When Defendant Capital One received notice of Plaintiff's dispute from the CRAs, Defendant Capital One could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

160.     Defendant Capital One would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff.

161.     Defendant Capital One's investigation was per se deficient by reason of these failures on Defendant Capital One's investigation of Plaintiff's dispute.

162.     As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

163.     Defendant Capital One's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

### COUNT 11
### <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(against Defendant Santander)

164.     Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

165.     On at least one occasion within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

166.    On at least one occasion within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

167.    On at least one occasion within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

168.    Upon information and belief, Defendant Santander was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

169.    When Defendant Santander received notice of Plaintiff's dispute from the CRAs, Defendant Santander could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

170.    Defendant Santander would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Santander had reviewed its own systems and previous communications with the Plaintiff.

171.    Defendant Santander's investigation was per se deficient by reason of these failures on Defendant Santander's investigation of Plaintiff's dispute.

172.    As a direct and proximate result of Defendant Santander's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

173.     Defendant Santander's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

174.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Santander, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Santander)

175.     Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

176.     On at least one occasion within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

177.     On one or more occasions within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

178.     On one or more occasions within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

179.     When Defendant Santander received notice of Plaintiff's dispute from the CRAs, Defendant Santander could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

180.    Defendant Santander would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff.

181.    Defendant Santander's investigation was per se deficient by reason of these failures on Defendant Santander's investigation of Plaintiff's dispute.

182.    As a direct and proximate result of Defendant Santander's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

183.    Defendant Santander's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

### COUNT 13
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Synchrony)

184.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

185.    On at least one occasion within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

186.     On at least one occasion within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

187.     On at least one occasion within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

188.     Upon information and belief, Defendant Synchrony was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

189.     When Defendant Synchrony received notice of Plaintiff's dispute from the CRAs, Defendant Synchrony could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

190.     Defendant Synchrony would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Synchrony had reviewed its own systems and previous communications with the Plaintiff.

191.     Defendant Synchrony's investigation was per se deficient by reason of these failures on Defendant Synchrony's investigation of Plaintiff's dispute.

192.     As a direct and proximate result of Defendant Synchrony's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

193.     Defendant Synchrony's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

194.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Synchrony, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 14
### <u>NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(against Defendant Synchrony)

195.     Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

196.     On at least one occasion within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

197.     On one or more occasions within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

198.     On one or more occasions within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

199.     When Defendant Synchrony received notice of Plaintiff's dispute from the CRAs, Defendant Synchrony could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

200.     Defendant Synchrony would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff.

201.     Defendant Synchrony's investigation was per se deficient by reason of these failures on Defendant Synchrony's investigation of Plaintiff's dispute.

202.     As a direct and proximate result of Defendant Synchrony's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

203.     Defendant Synchrony's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

204.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Creditor, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated:

Respectfully Submitted,

_/s/ Thomas J. Patti_____
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **35** of **35**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com