## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

BASSEM FAYAD,

      **Plaintiff**,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION
SERVICES, LLC, TRANS UNION, LLC,
MERCEDES-BENZ FINANCIAL
SERVICES USA LLC, CAPITAL ONE
SERVICES, LLC, SANTANDER
CONSUMER USA INC. and SYNCHRONY
BANK,

      **Defendants**.

_____ /

Case No. 1:22-cv-20695

## DEFENDANT MERCEDES-BENZ FINANCIAL SERVICES USA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant Mercedes-Benz Financial Services USA, LLC ("MBFS"), by and through its undersigned counsel, answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

**RESPONSE:** MBFS admits that this Court has federal question jurisdiction to hear claims regarding alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.    Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

1

**RESPONSE:** MBFS admits that venue is proper in this district. MBFS denies that its conduct in this district gave rise to Plaintiff's alleged cause of action.

## PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

**RESPONSE:** MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies those allegation on that basis.

4.      Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is an Ohio corporation whose registered agent in Florida is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

**RESPONSE:** The allegations in paragraph 4 are directed to Experian, and therefore do not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them on that basis.

5.      Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

**RESPONSE:** The allegations in paragraph 5 are directed to Equifax, and therefore do not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them on that basis.

6.      Defendant Trans Union, LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

**RESPONSE:** The allegations in paragraph 6 are directed to TransUnion, and therefore do not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies them on that basis.

7.     Defendant Mercedes-Benz Financial Services USA LLC ("Defendant MB") is a Delaware limited liability company, whose registered agent in Florida is C T Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.

**RESPONSE:** MBFS admits the allegations in paragraph 7.

8.     Defendant Capital One Services, LLC ("Defendant Capital One") is a Delaware limited liability company, whose registered agent is Corporation Service Company, 1201 Hays Street Tallahassee, FL 32301-2525.

**RESPONSE:** The allegations in paragraph 8 are directed to Defendant Capital One, and therefore do not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them on that basis.

9.     Defendant Santander Consumer USA Inc. ("Defendant Santander") is a Delaware limited liability company, whose registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

**RESPONSE:** The allegations in paragraph 9 are directed to Defendant Santander, and therefore do not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them on that basis.

10.     Defendant Synchrony Bank ("Defendant Synchrony") is a Delaware limited liability company, whose registered agent is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

**RESPONSE:** The allegations in paragraph 10 are directed to Defendant Synchrony, and therefore do not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them on that basis.

## DEMAND FOR JURY TRIAL

11.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**RESPONSE:**  Plaintiff's jury demand does not require a response. To the extent a response is required, MBFS reserves the right to object to the submission of any question or issue to a jury.

## ALLEGATIONS

12.     On or about January 18, 2022, Plaintiff sent detailed written disputes (collectively, the "Disputes") for accounts regarding, but not limited to Defendant MB, Defendant Capital One, Defendant Santander and Defendant Synchrony Bank, had by Plaintiff (the "Accounts") to Defendant TransUnion, Defendant Equifax, and Defendant Experian (collectively, the "Credit Reporting Agencies" or "CRAs").

**RESPONSE:** MBFS denies the allegations in paragraph 12 to the extent Plaintiff alleges that he sent a written dispute directly to MBFS on or about January 18, 2022. MBFS admits only that it received indirect disputes from Plaintiff through Experian and TransUnion in January 2022, in response to which MBFS conducted reasonable investigations and provided timely responses in accordance with its obligations under the FCRA. MBFS denies that it received an indirect dispute from Plaintiff through Equifax in January 2022. MBFS lacks knowledge or information sufficient

4

to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies them on that basis.

13.     In response to the Disputes, the CRAs promptly and properly gave notice to Defendant MB, Defendant Capital One, Defendant Santander and Defendant Synchrony Bank (collectively, the "Creditors" or "Defendant Creditors") of the Disputes in accordance with the FCRA.  Rather than taking the necessary action and conducting an appropriate investigation, however, Defendant Creditors failed to modify, delete or block the inaccurate information reported on Plaintiff's account and, instead, continue to report inaccurate information as to Plaintiff.

**RESPONSE:** MBFS admits only that it received indirect disputes from Plaintiff through Experian and TransUnion in January 2022. MBFS conducted a reasonable investigation in response to each of Plaintiff's indirect disputes and provided a timely response in accordance with its obligations under the FCRA. MBFS denies that it received an indirect dispute from Plaintiff through Equifax in January 2022. MBFS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them on that basis.

<u>ALLEGATIONS INVOLVING THE CREDITORS</u>

14.     Defendant Creditors are a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**RESPONSE:** MBFS admits it "furnishes" consumer information to consumer reporting agencies, as that term applies to 15 U.S.C. § 1681s-2.

15.     On a date better known by Defendant Creditors, the CRAs promptly and properly gave notice to Defendant Creditors of Plaintiff's disputes in accordance with the FCRA.

**RESPONSE:** MBFF only that it received indirect disputes from Plaintiff through the CRAs. MBFS conducted a reasonable investigation in response to each of Plaintiff's indirect

disputes and provided a timely response in accordance with its obligations under the FCRA. MBFS denies any remaining allegations in paragraph 15.

16.     In response to the notice, it received from the CRAs regarding Plaintiff's disputes, Defendant Creditors did not, and otherwise failed, to conduct a reasonable investigation into the Account the subject of the Disputes.

**RESPONSE:** MBFS denies the allegations in paragraph 16.

17.     In response to receiving notice from the CRAs regarding Plaintiff's disputes, Defendant Creditors failed to correct and/or delete information they knew to be inaccurate anti/or which Defendant Creditors could not otherwise verify.

**RESPONSE:** MBFS denies the allegations in paragraph 17.

18.     Instead of conducting a reasonable investigation, Defendant Creditors erroneously validated the Account and reported and continue to report inaccurate information as to Plaintiff to the CRAs.

**RESPONSE:** MBFS denies the allegations in paragraph 18.

<u>**ALLEGATIONS INVOLVING EXPERIAN**</u>

19.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."  Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

**RESPONSE:** Paragraph 19 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them on that basis.

20.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

**RESPONSE:** Paragraph 20 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them on that basis.

21.     On January 18, 2022, Plaintiff sent a detailed written dispute regarding the Account to Defendant Experian which read as follows:

> 1.     There are twelve (12) addresses listed.  The only address I recognize is 16950 N. Bay Rd, Apt 503, Sunny Isles Beach, FL 333160.  All other addresses are inaccurate and/or unrecognizable.  Please remove all these inaccurate and unrecognizable addresses.
>
> 2.     The Capital One Acct # 517805XXX is listed inaccurately.  The highest balance listed on this account is wrong.  Please remove this.
>
> 3.     Discover financial services Acct # 601100XXX is listed inaccurately.  The highest balance listed on this account is wrong.  Please remove this.
>
> 4.     Mercedes-Benz Financial Acct # 500056XXX is listed inaccurately. The dates and balances are all inaccurate.  Please remove this.
>
> 5.     Navy Federal CR Union Acct # 500001XXXX, credit limit ($2,500) is listed inaccurately.  Please remove this.
>
> 6.     Navy Federal CR Union Acct # 500001XXXX, credit limit ($24,000) is listed inaccurately.  Please remove this.
>
> 7.     Santander Consumer USA Acct # 300001XXX is listed inaccurately.  I have never been late on payments.  I have never made a late payment and the balances are incorrect.  Additionally, the date this account was opened is incorrect and the dates the balances were updated is incorrect. Please remove these inaccuracies.
>
> 8.     Santander Consumer USA Acct # 300002XXX is listed inaccurately.  I have never been late on payments.  I have never made a late payment and the balances are incorrect.  Additionally, the date this account was opened is incorrect and the dates the balances were updated is incorrect. Please remove these inaccuracies.
>
> 9.     SYNCB/AMAZON Acct # 604578XXX is listed inaccurately.  The Credit limit is wrong as well as the highest balance.  Please remove these inaccuracies.

10.    In so far as the Chapter 7 bankruptcy, reference number 1323018LMI, is concerned.  This account is listed inaccurately and is unrecognizable.  Additionally, this isn't listed by any other credit bureau.  Please remove these inaccuracies.

11.    ALL the hard inquiries reported on my credit report are unrecognizable and unauthorized by me, except for the following:  Capital One 04/12/2021.  Please remove the excess inaccurate hard inquires.

12.    ALL the soft inquiries reported on my credit report are unrecognizable and unauthorized by me, except for the following:  My Fico, Experian, Internal Revenue, Capital One.

Please remove the excess inaccurate soft inquires.

**RESPONSE:**  To the extent paragraph 21 references  MBFS, MBFS denies the allegation and therefore denies paragraph 21.

22.    Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amount reported by Defendant Creditors, Experian continues to report Plaintiff's accounts inaccurately and as "Potentially Negative".

**RESPONSE:** Paragraph 22 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS denies any allegation regarding it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22, and therefore MBFS denies Paragraph 22.

23.    Continuing to report the status of Plaintiffs accounts in this fashion is significant. By continuing to report the status of Plaintiffs accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

**RESPONSE:** Paragraph 23 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

8

to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them on that basis.

24.     Credit scoring algorithms take Plaintiffs account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

**RESPONSE:**  Paragraph 24 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them on that basis.

25.     Experian failed to conduct a reasonable investigation.

**RESPONSE:**  Paragraph 25 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them on that basis.

26.     Experian failed to review and consider all relevant information submitted by Plaintiff

**RESPONSE:**  Paragraph 26 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them on that basis.

27.     Experian failed to conduct an independent investigation and, instead, deferred to the Creditors despite the evidence and/or information Plaintiff provided to it (Experian).

**RESPONSE:** Paragraph 27 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them on that basis.

28.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Experian failed to correct the information.

**RESPONSE:** Paragraph 28 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them on that basis.

29.     Experian's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs credit reports and tile.

**RESPONSE:** Paragraph 29 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them on that basis.

30.     Experian did not conduct any independent investigation after it (Experian) received Plaintiffs dispute and, instead, chose to parrot the information it (Experian) received from the Creditor despite being in possession of evidence that the information was inaccurate.

**RESPONSE:** Paragraph 30 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them on that basis.

31.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

**RESPONSE:**  Paragraph 31 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies them on that basis.

32.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff

**RESPONSE:**  Paragraph 32 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies them on that basis.

## ALLEGATIONS INVOLVING EQUIFAX

33.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."  Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

**RESPONSE:**  Paragraph 33 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them on that basis.

34.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

**RESPONSE:** Paragraph 34 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them on that basis.

35.     On January 18, 2022, Plaintiff sent a detailed written dispute regarding the Accounts to Defendant Equifax which read as follows:

> 1.     Capital One, is reported inaccurately, the balances are incorrect, the credit limit is incorrect and the account is stated as being "closed by guarantor", that is incorrect I am the one who closed this account.  Please remove these inaccuracies
>
> 2.     Santander Consumer 4.1 Acct # XXXX1000, inaccurately reported late payments, I was never late, also the dates reporting are wrong.  Please remove these inaccuracies
>
> 3.     Santander Consumer 4.2 Acct # XXXX1000, inaccurately reported late payments, I was never late, also the dates reporting are wrong.  Please remove these inaccuracies
>
> 4.     ALL hard inquiries aren't recognizable and were not authorized by me except for the following:  Wells Fargo Dealer Services on 11/19/2021 and Capital One on 04/12/2021.  Please remove these inaccuracies.
>
> 5.     ALL soft inquiries aren't recognizable and are not authorized by me except for the following:  Equifax and Credit Karma.  Please remove these inaccuracies.

**RESPONSE:** Paragraph 35 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies them on that basis.

36.     Despite receiving Plaintiffs dispute and the fact that Plaintiff does not owe the amounts reported by Defendant continues to report Plaintiffs accounts inaccurately.

**RESPONSE:** Paragraph 36 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them on that basis.

37.     Continuing to report the status of Plaintiffs accounts in this fashion is significant. By continuing to report the status of Plaintiffs accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

**RESPONSE:** Paragraph 37 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies them on that basis.

38.     Credit scoring algorithms take the status of Plaintiff's accounts into consideration when generating a credit score and showing the incorrect account status of these accounts would cause a lower credit score to be generated.

**RESPONSE:** Paragraph 38 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them on that basis.

39.     As of the filing of this Complaint, Equifax, nor anyone on Equifax's behalf, has contacted Plaintiff to further investigate the Disputes.

**RESPONSE:** Paragraph 39 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

4868-1077-7881.3

to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them on that basis.

40.     As of the filing of this Complaint, Equifax, nor anyone on Equifax's behalf, has responded Plaintiff's disputes.

**RESPONSE:** Paragraph 40 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies them on that basis.

41.     Equifax failed to conduct a reasonable investigation.

**RESPONSE:**  Paragraph 41 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies them on that basis.

42.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

**RESPONSE:**  Paragraph 42 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies them on that basis.

43.     Equifax failed to conduct an independent investigation and, instead, deferred to the Creditor despite the evidence and/or information Plaintiff provided to it (Equifax).

**RESPONSE:**  Paragraph 43 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

14

to form a belief as to the truth of the allegations in paragraph 43, and therefore denies them on that basis.

44.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Equifax failed to correct the information.

**RESPONSE:** Paragraph 44 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies them on that basis.

45.     Equifax's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

**RESPONSE:** Paragraph 45 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies them on that basis.

46.     Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, chose to parrot the information it (Equifax) received from the Creditor despite being in possession of evidence that the information was inaccurate.

**RESPONSE:** Paragraph 46 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies them on that basis.

47.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

**RESPONSE:**  Paragraph 47 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies them on that basis.

48.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

**RESPONSE:**  Paragraph 48 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them on that basis.

A<small>LLEGATIONS</small> I<small>NVOLVING</small> T<small>RANSUNION</small>

49.     TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."  TransUnion regularly obtains and analyzes financial information about

**RESPONSE:**  Paragraph 49 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies them on that basis.

50.     TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

**RESPONSE:**  Paragraph 50 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

16

to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them on that

basis.

51.    On January 18, 2022, Plaintiff sent a detailed written dispute regarding the Account

to Defendant TransUnion which read as follows:

1.    The only address I recognize is:  16950 N Bay Rd, Apt 503, Sunny Isles Beach, FL 33160.  All the other addresses are inaccurate and unrecognizable.  Please remove these inaccuracies.

2.    The Phone numbers are inaccurate, I only recognize 305-778-8788 &amp; 305-333-6165.  All other phone numbers are inaccurate, please remove them.

3.    All employers are wrong except for Suxessful Group Corp.  Please remove the other inaccurate employers.

4.    Capital One Acct # 517805752752XX, is inaccurately reported.  I have no late payments.  The limits are wrong and the high balance is wrong. Additionally, this account was not closed by grantor, it was closed by consumer.  Please remove these inaccuracies.

5.    MB Financial Acct # 500056606XX is inaccurately reported.  The date opened, date updated, and the balances are inaccurate.  Please remove these inaccuracies.

6.    Santander Consumer USA Acct # 3000022793432XX, is inaccurately reported.  The balances, date opened and last payment made are inaccurate.  Additionally, I never had late payments and the pay status, remarks and terms are inaccurate.  Please remove these inaccuracies.

7.    Santander Consumer USA Acct # 3000010153906XX is inaccurately reported.  I have never had any late payments.  Please remove these inaccuracies.

8.    Capital One Acct # 517805989254XX is inaccurately reported.  The balances, credit limit and date opened are all inaccurate.  Please remove these inaccuracies.

9.    SYNCB/Care credit Acct # 601918361148XX is inaccurately reported.  The high balance and credit limit are both inaccurate.  Please remove these inaccuracies.

10.    ALL hard inquiries aren't recognizable and were not authorized by me except for the following:  Capital One on 04/12/2021.  Please remove the other inaccurate hard inquiries.

17

11.     ALL soft inquiries aren't recognizable and were not authorized by me except for the following:  Transunion, Capital One, Geico and Rent reporter.  Please remove the other inaccurate soft inquires.

**RESPONSE:**  To the extent Paragraph 51 references MBFS, MBFS denies the allegation regarding it.  MBFS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and therefore denies them on that basis.

52.     Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amounts reported by Defendant continues to report Plaintiff's accounts inaccurately.

**RESPONSE:** Paragraph 52 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies them on that basis.

53.     Continuing to report the status of Plaintiffs accounts in this fashion is significant. By continuing to report the status of Plaintiffs accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

**RESPONSE:**  Paragraph 53 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies them on that basis.

54.     Credit scoring algorithms take the status of Plaintiff's accounts into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

**RESPONSE:**  Paragraph 54 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

18

to form a belief as to the truth of the allegations in paragraph 54, and therefore denies them on that basis.

55.     As of the filing of this Complaint, TransUnion, nor anyone on TransUnion's behalf, has contacted Plaintiff to further investigate the Disputes.

**RESPONSE:** Paragraph 55 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies them on that basis.

56.     TransUnion failed to conduct a reasonable investigation.

**RESPONSE:**  Paragraph 56 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies them on that basis.

57.     TransUnion failed to review and consider all relevant information submitted by Plaintiff.

**RESPONSE:**  Paragraph 57 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies them on that basis.

58.     TransUnion failed to conduct an independent investigation and, instead, deferred to the Creditor despite the evidence and/or information Plaintiff provided to it (TransUnion).

**RESPONSE:**  Paragraph 58 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 58, and therefore denies them on that basis.

59.     TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, TransUnion failed to correct the information.

**RESPONSE:**  Paragraph 59 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies them on that basis.

60.     TransUnion's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

**RESPONSE:**  Paragraph 60 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies them on that basis.

61.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, choose to parrot the information it (TransUnion) received from the Creditor despite being in possession of evidence that the information was inaccurate.

**RESPONSE:**  Paragraph 61 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies them on that basis.

62.     Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff

**RESPONSE:**  Paragraph 62 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies them on that basis.

63.     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

**RESPONSE:**  Paragraph 63 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies them on that basis.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Experian)

64.     Plaintiff incorporates by reference ¶¶ 12-18 and 19-32 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18 and 19 through 32, as though fully set forth herein.

65.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

**RESPONSE:**  Paragraph 65 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 65, and therefore denies them on that basis.

66.     QExperian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

**RESPONSE:**  Paragraph 66 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore denies them on that basis.

67.     Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

**RESPONSE:**  Paragraph 67 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore denies them on that basis.

68.     Experian has willfully and recklessly failed to comply with the FCRA.  The failures of Experian to comply with the FCRA include, but are not limited to, the following:  [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised

22

by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**RESPONSE:**  Paragraph 68 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore denies them on that basis.

69.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 69 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies them on that basis.

70.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 70 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore denies them on that basis.

71.     The appearance of the accounts on Plaintiffs credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

**RESPONSE:** Paragraph 71 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore denies them on that basis.

72.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**RESPONSE:** Paragraph 72 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore denies them on that basis.

73.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief:  [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 168 ln(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:**  Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Experian)

74.     Plaintiff incorporates by reference ¶¶ 12-18 and 19-32 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18 and 19 through 32, as though fully set forth herein.

75.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

**RESPONSE:**  Paragraph 75 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore denies them on that basis.

76.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

**RESPONSE:**  Paragraph 76 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore denies them on that basis.

25

77.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

**RESPONSE:** Paragraph 77 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore denies them on that basis.

78.     Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 1681i(c).

**RESPONSE:** Paragraph 78 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore denies them on that basis.

79.     Experian has negligently failed to comply with the FCRA.  The failures of Experian to comply with the FCRA include, but are not limited to, the following:  [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be

inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**RESPONSE:**  Paragraph 79 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore denies them on that basis.

80.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 80 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore denies them on that basis.

81.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 81 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore denies them on that basis.

82.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**RESPONSE:**  Paragraph 82 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies them on that basis.

83.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief:  [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:**  Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Equifax)

84.     Plaintiff incorporates by reference in ¶¶ 12-18 and 33-48 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18 and 33 through 48, as though fully set forth herein.

85.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

**RESPONSE:**  Paragraph 85 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 85, and therefore denies them on that basis.

86.     Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiffs disputes of the information contained in Plaintiff's Equifax credit report.

**RESPONSE:**  Paragraph 86 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore denies them on that basis.

87.     Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiffs credit reports and credit files.

**RESPONSE:**  Paragraph 87 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and therefore denies them on that basis.

88.     Equifax has willfully and recklessly failed to comply with the FCRA.  The failures of Equifax to comply with the FCRA include, but are not limited to, the following:  [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by

Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**RESPONSE:**  Paragraph 88 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore denies them on that basis.

89.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 89 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore denies them on that basis.

90.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 90 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and therefore denies them on that basis.

30

91.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

**RESPONSE:** Paragraph 91 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and therefore denies them on that basis.

92.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**RESPONSE:** Paragraph 92 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and therefore denies them on that basis.

93.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief:  [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:** Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

**COUNT 4**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Equifax)

94.     Plaintiff incorporates by reference ¶¶ 12-18 and 33-48 of this Complaint.

**RESPONSE:** MBFS incorporates its responses to paragraphs 12 through 18, as though fully set forth herein.

95.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

**RESPONSE:** Paragraph 95 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore denies them on that basis.

96.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

**RESPONSE:** Paragraph 96 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore denies them on that basis.

32

97.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

**RESPONSE:**  Paragraph 97 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, and therefore denies them on that basis.

98.     Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 1681i(c).

**RESPONSE:**  Paragraph 98 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and therefore denies them on that basis.

99.     Equifax has negligently failed to comply with the FCRA.  The failures of Equifax to comply with the FCRA include, but are not limited to, the following:  [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**RESPONSE:** Paragraph 99 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and therefore denies them on that basis.

100.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:** Paragraph 100 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and therefore denies them on that basis.

101.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:** Paragraph 101 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and therefore denies them on that basis.

102.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and ,the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**RESPONSE:**  Paragraph 102 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and therefore denies them on that basis.

103.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief:  [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:**  Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant TransUnion)

104.    Plaintiff incorporates by reference ¶¶ 12-18 and 49-63 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18 and 49 through 63, as though fully set forth herein.

105.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

**RESPONSE:**  Paragraph 105 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 105, and therefore denies them on that basis.

106.    TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiffs disputes of the information contained in Plaintiff's TransUnion credit report.

**RESPONSE:**  Paragraph 106 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and therefore denies them on that basis.

107.    TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

**RESPONSE:**  Paragraph 107 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, and therefore denies them on that basis.

108.    TransUnion has willfully and recklessly failed to comply with the FCRA.  The failures of TransUnion to comply with the FCRA include, but are not limited to, the following:  [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised

by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

**RESPONSE:**  Paragraph 108 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, and therefore denies them on that basis.

109.    The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 109 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, and therefore denies them on that basis.

110.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 110 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore denies them on that basis.

111.   The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiffs dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiffs credit report in violation of the 15 U.S.C. § 1681e(b).

**RESPONSE:** Paragraph 111 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and therefore denies them on that basis.

112.   As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability 'to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**RESPONSE:** Paragraph 112 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore denies them on that basis.

113.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief:   [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:**  Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

**Count 6**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant TransUnion)

114.    Plaintiff incorporates by reference ¶¶ 12-18 and 49-63 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18 and 49 through 63, as though fully set forth herein.

115.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

**RESPONSE:**  Paragraph 115 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and therefore denies them on that basis.

116.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

**RESPONSE:**  Paragraph 116 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and therefore denies them on that basis.

39

117.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

**RESPONSE:**  Paragraph 117 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and therefore denies them on that basis.

118.    Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 1681i(c).

**RESPONSE:**  Paragraph 118 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and therefore denies them on that basis.

119.    TransUnion has negligently failed to comply with the FCRA.  The failures of TransUnion to comply with the FCRA include, but are not limited to, the following:  [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information

that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

**RESPONSE:**  Paragraph 119 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and therefore denies them on that basis.

120.    The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 120 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore denies them on that basis.

121.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**RESPONSE:**  Paragraph 121 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore denies them on that basis.

122.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**RESPONSE:**  Paragraph 122 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, and therefore denies them on that basis.

123.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief:   [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:**  Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

### COUNT 7
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant MB)

124.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18, as though fully set forth herein.

125.    On at least one occasion within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

**RESPONSE:**  MBFS denies the allegations in paragraph 125.

126.    On at least one occasion within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**RESPONSE:**  MBFS denies the allegations in paragraph 126.

127.    On at least one occasion within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

**RESPONSE:**  MBFS denies the allegations in paragraph 127.

128.    Upon information and belief, Defendant MB was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

**RESPONSE:**  MBFS admits it is aware of the FCRA obligations to reasonably investigate disputes.

129.    When Defendant MB received notice of Plaintiff's dispute from the CRAs, Defendant MB could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**RESPONSE:**  MBFS denies that it failed to conduct a reasonable investigation of any of Plaintiff's alleged disputes and therefore denies paragraph 129.

130.    Defendant MB would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff

**RESPONSE:**  MBFS denies the allegations in paragraph 130.

131.    Defendant MB's investigation was per se deficient by reason of these failures on Defendant MB's investigation of Plaintiff's dispute.

**RESPONSE:** MBFS denies the allegations in paragraph 131.

132.    As a direct and proximate result of Defendant MB's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to:  (i) money lost attempting to fix Plaintiffs credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**RESPONSE:** MBFS denies the allegations in paragraph 132.

133.    Defendant MB's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**RESPONSE:** MBFS denies the allegations in paragraph 133.

134.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant MB, awarding Plaintiff the following relief:  [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 16810(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:** MBFS denies that Plaintiff is entitled to any of the remedies listed in Plaintiff's WHEREFORE paragraph, or to any relief at all in this action.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant MB)

135.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

4868-1077-7881.3

**RESPONSE:** MBFS incorporates its responses to paragraphs 12 through 18, as though fully set forth herein.

136.    On at least one occasion within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

**RESPONSE:** MBFS denies the allegations in paragraph 136.

137.    On one or more occasions within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**RESPONSE:** MBFS denies the allegations in paragraph 137.

138.    On one or more occasions within the past two years, by example only and without limitation, Defendant MB violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

**RESPONSE:** MBFS denies the allegations in paragraph 138.

139.    When Defendant MB received notice of Plaintiff's dispute from the CRAs, Defendant MB could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**RESPONSE:** MBFS denies the allegations in paragraph 139.

140.    Defendant MB would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant MB had reviewed its own systems and previous communications with the Plaintiff.

**RESPONSE:** MBFS denies the allegations in paragraph 140.

141.    Defendant MB's investigation was per se deficient by reason of these failures on Defendant Creditor's investigation of Plaintiff's dispute.

**RESPONSE:**  MBFS denies the allegations in paragraph 141.

142.    As a direct and proximate result of Defendant MB's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to:  (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**RESPONSE:**  MBFS denies the allegations in paragraph 142.

143.    Defendant MB's actions constitute negligent noncompliance with the FORA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

**RESPONSE:**  MBFS denies the allegations in paragraph 143.

### COUNT 9
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Capital One)

144.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18, as though fully set forth herein.

145.    On at least one occasion within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

**RESPONSE:**  Paragraph 145 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, and therefore denies them on that basis.

146.    On at least one occasion within the past two years, by example only and without limitation, Defendant Capital One violated 15 .U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**RESPONSE:**  Paragraph 146 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146, and therefore denies them on that basis.

147.    On at least one occasion within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

**RESPONSE:**  Paragraph 147 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, and therefore denies them on that basis.

148.    Upon information and belief, Defendant Capital One was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

**RESPONSE:**  Paragraph 148 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 148, and therefore denies them on that basis.

149.    When Defendant Capital One received notice of Plaintiffs dispute from the CRAs, Defendant Capital One could and should have reviewed its own systems and previ9us communications with the Plaintiff as part of its investigation.

**RESPONSE:**  Paragraph 149 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, and therefore denies them on that basis.

150.    Defendant Capital One would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Capital One had reviewed its own systems and previous communications with the Plaintiff.

**RESPONSE:**  Paragraph 150 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, and therefore denies them on that basis.

151.    Defendant Capital One's investigation was per se deficient by reason of these failures on Defendant Capital One's investigation of Plaintiff's dispute.

**RESPONSE:**  Paragraph 151 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151, and therefore denies them on that basis.

152.     As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to:  (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to :fear of rejection.

**RESPONSE:**  Paragraph 152 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, and therefore denies them on that basis.

153.     Defendant Capital One's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**RESPONSE:**  Paragraph 153 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153, and therefore denies them on that basis.

154.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Capital One, awarding Plaintiff the following relief:  [I] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:** Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

**COUNT 10**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Capital One)

155.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

**RESPONSE:** MBFS incorporates its responses to paragraphs 12 through 18, as though fully set forth herein.

156.    On at least one occasion within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

**RESPONSE:** Paragraph 156 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156, and therefore denies them on that basis.

157.    On one or more occasions within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**RESPONSE:** Paragraph 157 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and therefore denies them on that basis.

50

158.    On one or more occasions within the past two years, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

**RESPONSE:**  Paragraph 158 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158, and therefore denies them on that basis.

159.    When Defendant Capital One received notice of Plaintiff's dispute from the CRAs, Defendant Capital One could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**RESPONSE:**  Paragraph 159 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, and therefore denies them on that basis.

160.    Defendant Capital One would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff.

**RESPONSE:**  Paragraph 160 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160, and therefore denies them on that basis.

161.    Defendant Capital One's investigation was per se deficient by reason of these failures on Defendant Capital One's investigation of Plaintiffs dispute.

**RESPONSE:**  Paragraph 161 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161, and therefore denies them on that basis.

162.    As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to:  (i) money lost attempting to fix Plaintiffs credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiffs credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**RESPONSE:**  Paragraph 162 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162, and therefore denies them on that basis.

163.    Defendant Capital One's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

**RESPONSE:**  Paragraph 163 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163, and therefore denies them on that basis.

**COUNT 11**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Santander)

164.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18, as though fully set forth herein.

165.    On at least one occasion within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

**RESPONSE:**  Paragraph 165 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165, and therefore denies them on that basis.

166.    On at least one occasion within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**RESPONSE:**  Paragraph 166 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166, and therefore denies them on that basis.

167.    On at least one occasion within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

**RESPONSE:**  Paragraph 167 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 167, and therefore denies them on that basis.

168.    Upon information and belief, Defendant Santander was aware of the FCR.A obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

**RESPONSE:**  Paragraph 168 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, and therefore denies them on that basis.

169.    When Defendant Santander received notice of Plaintiff's dispute from the CRAB, Defendant Santander could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**RESPONSE:**  Paragraph 169 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169, and therefore denies them on that basis.

170.    Defendant Santander would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Santander had reviewed its own systems and previous communications with the Plaintiff.

**RESPONSE:**  Paragraph 170 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170, and therefore denies them on that basis.

171.    Defendant Santander's investigation was per se deficient by reason of these failures on Defendant Santander's investigation of Plaintiff's dispute.

**RESPONSE:**  Paragraph 171 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171, and therefore denies them on that basis.

172.    As a direct and proximate result of Defendant Santander's violations of § 1681s-2(h), Plaintiff suffered actual damages, including but not limited to:  (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**RESPONSE:**  Paragraph 172 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, and therefore denies them on that basis.

173.    Defendant Santander's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**RESPONSE:**  Paragraph 173 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 173, and therefore denies them on that basis.

174.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Santander, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:**  Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

**COUNT 12**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Santander)

175.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

**RESPONSE:**  MBFS incorporates its responses to paragraphs 12 through 18, as if fully set forth herein.

176.    On at least one occasion within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

**RESPONSE:**  Paragraph 176 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, and therefore denies them on that basis.

56

177.    On one or more occasions within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**RESPONSE:**  Paragraph 177 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177, and therefore denies them on that basis.

178.    On one or more occasions within the past two years, by example only and without limitation, Defendant Santander violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

**RESPONSE:**  Paragraph 178 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, and therefore denies them on that basis.

179.    When Defendant Santander received notice of Plaintiffs dispute from the CRAs, Defendant Santander could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**RESPONSE:**  Paragraph 179 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179, and therefore denies them on that basis.

180.    Defendant Santander would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff.

**RESPONSE:**  Paragraph 180 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180, and therefore denies them on that basis.

181.    Defendant Santander's investigation was per se deficient by reason of these failures on Defendant Santander's investigation of Plaintiff's dispute.

**RESPONSE:**  Paragraph 181 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181, and therefore denies them on that basis.

182.    As a direct and proximate result of Defendant Santander's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to:  (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**RESPONSE:**  Paragraph 182 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 182, and therefore denies them on that basis.

183.     Defendant Santander's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

**RESPONSE:**  Paragraph 183 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183, and therefore denies them on that basis.

## COUNT 13
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(against Defendant Synchrony)

184.     Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

**RESPONSE:** MBFS incorporates its responses to paragraphs 12 through 18, as though fully set forth herein.

185.     On at least one occasion within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

**RESPONSE:**  Paragraph 185 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185, and therefore denies them on that basis.

186.     On at least one occasion within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**RESPONSE:** Paragraph 186 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186, and therefore denies them on that basis.

187.    On at least one occasion within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

**RESPONSE:** Paragraph 187 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187, and therefore denies them on that basis.

188.    Upon information and belief, Defendant Synchrony was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

**RESPONSE:** Paragraph 188 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188, and therefore denies them on that basis.

189.    When Defendant Synchrony received notice of Plaintiff's dispute from the CRAs, Defendant Synchrony could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

**RESPONSE:** Paragraph 189 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 189, and therefore denies them on that basis.

190.    Defendant Synchrony would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Synchrony had reviewed its own systems and previous communications with the Plaintiff.

**RESPONSE:**  Paragraph 190 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190, and therefore denies them on that basis.

191.    Defendant Synchrony's investigation was per se deficient by reason of these failures on Defendant Synchrony's investigation of Plaintiffs dispute.

**RESPONSE:** Paragraph 191 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191, and therefore denies them on that basis.

192.    As a direct and proximate result of Defendant Synchrony's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to:  (i) money lost attempting to fix Plaintiffs credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**RESPONSE:** Paragraph 192 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192, and therefore denies them on that basis.

193.    Defendant Synchrony's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**RESPONSE:** Paragraph 193 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193, and therefore denies them on that basis.

194.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Synchrony, awarding Plaintiff the following relief:  [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:** Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

## COUNT 14
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Synchrony)

195.    Plaintiff incorporates by reference ¶¶ 12-18 of this Complaint.

**RESPONSE:** MBFS incorporates its responses to paragraphs 12 through 18, as though fully set forth herein.

196.    On at least one occasion within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

**RESPONSE:**  Paragraph 196 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196, and therefore denies them on that basis.

197.    On one or more occasions within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**RESPONSE:**  Paragraph 197 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197, and therefore denies them on that basis.

198.    On one or more occasions within the past two years, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

**RESPONSE:**  Paragraph 198 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198, and therefore denies them on that basis.

199.    When Defendant Synchrony received notice of Plaintiff's dispute from the CRAs, Defendant Synchrony could and should have reviewed its own systems and previous communications with the Plaintiff as part-of its investigation.

**RESPONSE:**  Paragraph 199 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199, and therefore denies them on that basis.

200.    Defendant Synchrony would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff.

**RESPONSE:**  Paragraph 200 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200, and therefore denies them on that basis.

201.    Defendant Synchrony's investigation was per se deficient by reason of these failures on Defendant Synchrony's investigation of Plaintiff's dispute.

**RESPONSE:**  Paragraph 201 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201, and therefore denies them on that basis.

202.    As a direct and proximate result of Defendant Synchrony's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to:  (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the

errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

**RESPONSE:** Paragraph 202 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202, and therefore denies them on that basis.

203.   Defendant Synchrony's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

**RESPONSE:** Paragraph 203 is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203, and therefore denies them on that basis.

204.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Creditor, awarding Plaintiff the following relief:  [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**RESPONSE:** Plaintiff's WHEREFORE paragraph is not directed to MBFS, and therefore does not require a response. To the extent a response is required, MBFS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's WHEREFORE paragraph, and therefore denies them on that basis.

## AFFIRMATIVE DEFENSES

MBFS asserts the following defenses based upon information currently available to it:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted against MBFS. At all times relevant to this action, MBFS furnished accurate information regarding Plaintiff's account. Further, as a matter of law, Plaintiff does not have a private right of action to seek damages against MBFS based upon MBFS's alleged failure to report accurate information to the consumer reporting agencies. *See Nawab v. Unifund CCR Partners*, 553 Fed. Appx. 856, 860 (11th Cir. 2013).

### Second Affirmative Defense

MBFS maintains, and has maintained at all pertinent times, reasonable policies and procedures in place to ensure that it is meeting all of its compliance requirements under the FCRA.

### Third Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's alleged loss and/or damages did not result from any breach, act or omission of MBFS.

### Fourth Affirmative Defense

Plaintiff's alleged damages, if any, were not caused by MBFS, but by Plaintiff or another person or entity for which MBFS is not responsible.

### Fifth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has not suffered any loss, injury, or damages as a result of the conduct alleged in the Complaint.

### Sixth Affirmative Defense

Plaintiff's recovery, if any, should be barred or decreased because of his failure to mitigate his alleged damages.

66

4868-1077-7881.3

**Seventh Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, by reason of Plaintiff's inequitable conduct and/or unclean hands.

**Reservation of Additional Affirmative Defenses**

MBFS reserves the right to amend and/or assert additional defenses it learns of through the course of discovery.

**COUNTERCLAIM**

NOW COMES Counterclaimant Mercedes-Benz Financial Services USA, LLC ("MBFS"), by and through its undersigned counsel, and as for its counterclaim against Bassem Fayad ("Counterclaim Defendant"), alleges and states as follows:

**PARTIES**

1.      MBFS is a Delaware limited liability company registered to do business in Florida. MBFS is a named defendant in the above-captioned action.

2.      Upon information and belief, Counterclaim Defendant is a natural person and citizen of the State of Florida residing in Miami-Dade County, Florida. Counterclaim Defendant is the named plaintiff in the above-captioned action.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over MBFS's Counterclaim because it is directly related to Counterclaim Defendant's claim against MBFS arising under 15 U.S.C. §§ 1681s-2(b),  1681n, and 1681o, such that the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is proper. Moreover, Counterclaim Defendant is a resident of Miami-Dade County, Florida, which is part of the judicial district embraced by this Court.

4.      Venue is proper in this judicial district because MBFS suffered the injuries alleged

herein and Counterclaim Defendant committed the wrongful acts alleged herein in this county,

## BACKGROUND

5.      On September 18, 2017, MBFS and Counterclaim Defendant executed that certain Retail Installment Sale Contract (the "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

6.      Pursuant to the Agreement, Counterclaim Defendant purchased a 2015 Mercedes-Benz S550V (the "Vehicle").

7.      The Agreement provides that Counterclaim Defendant will pay MBFS $72,412.73 for the Vehicle, including sales tax.

8.      The Agreement further provides that Counterclaim Defendant will pay $14,327.45 in other charges.

9.      Counterclaim Defendant financed a total of $86,740.18 pursuant to the Agreement.

10.      The Agreement requires Counterclaim Defendant to pay a late charge of 5% of each installment due under the Agreement if payment is not received in full within 10 days after the payment is due.

11.      The Agreement also requires Counterclaim Defendant to pay fees to offset MBFS's cost of pursuing collection from Counterclaim Defendant in the event he failed to pay any amount when due ("Collection Fees").

12.      Counterclaim Defendant initially performed under the Agreement, until he ceased making payments and voluntarily surrendered the Vehicle to MBFS on February 18, 2019.

13.      As of March 2022, Counterclaim Defendant owes MBFS an aggregate of $34,875.46 under the Agreement.  Such amount is the amount due after deducting the value of the Vehicle at the time that Plaintiff surrendered it to MBFS.

## COUNTERCLAIM – BREACH OF CONTRACT

14.     MBFS hereby reincorporates paragraphs 1–13 of the Counterclaim as if fully realleged herein.

15.     MBFS and Counterclaim Defendant were parties to the Agreement under which Counterclaim Defendant purchased the Vehicle and Counterclaim Defendant was obligated to pay MBFS for the Vehicle.

16.     All conditions precedent to MBFS's right to recover sums due under the Agreement have occurred or been performed.

17.     MBFS has fully performed its obligations under the Agreement.

18.     Counterclaim Defendant accepted the Vehicle.

19.     Counterclaim Defendant failed to pay MBFS all consideration required under the Agreement.

20.     Counterclaim Defendant continues to owe MBFS $34,875.46, plus interest, which continues to accrue at the applicable statutory rate.

## MBFS'S PRAYER FOR RELIEF

WHEREFORE, Mercedes-Benz Financial Services USA, LLC prays for judgment as follows:

A.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Mercedes-Benz Financial Services USA, LLC against Plaintiff;

B.     That Plaintiff take nothing by way of the Complaint;

C.     For a money judgment against Counterclaim Defendant in favor of MBFS, in the amount of not less than $34,875.46, plus interest accrued to date and continuing to accrue;

D.     For an award of costs and fees as allowed by law; and,

E.      That Mercedes-Benz Financial Services USA, LLC be awarded such other and further relief as the Court deems just and proper.


Respectfully submitted,


*/s/ Christi A. Lawson*
Christi A. Lawson
FL Bar No: 498351
Primary: clawson@foley.com
Secondary: dburgos@foley.com
Estefania Fakes
Florida Bar No: 1031653
Primary: efakes@foley.com
Secondary: dburgos@foley.com
Foley & Lardner LLP
301 East Pine Street, Suite 1200
Orlando, FL 32801
407.423.7656
*Attorneys for Defendant Mercedes-Benz*
*Financial Services USA, LLC*

4868-1077-7881.3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 31, 2022 I, electronically filed the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaim with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this case.

/s/ Christi A. Lawson
Christi A. Lawson

# **EXHIBIT A**

**LAW 553-FL-ARB-eps 5/14**

5000566067001

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

Dealer Number _____   Contract Number **000000**

267407

| Buyer Name and Address | Co-Buyer Name and Address | Seller - Creditor (Name and Address) |
|---|---|---|
| **BASSEM IBRAHIM FAYAD**<br>**16950 N BAY RD APT 501**<br>**SUNNY ISLES BEACH,   FL  33160**<br>**MIAMI-DADE** | | **Mercedes-Benz of Coral Gables**<br>**300 Almeria Avenue**<br>**Coral Gables, FL  33134**<br>**305/445 8593** |
| Buyer's Birth Month:   **October** | Co-Buyer's Birth Month: | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of **9.7400** % per year. The Truth-In-Lending Disclosures below are part of this contract.

You have thoroughly inspected, accepted, and approved the vehicle in all respects.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| **USED** | **2015** | **MERCEDES-BENZ S550V** | | **WDDUG8CB2FA144988** | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ _____ |

You agree that we advised you whether, based on seller's knowledge, the vehicle was titled, registered, or used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of<br>$ **0.00** is |
|---|---|---|---|---|
| **9.74** % | $ **28601.66** | $ **86740.18** | $ **115341.84** | $ **115341.84** |

#### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| **72** | **1601.97** | Monthly beginning  **11/01/2017** |
| **N/A** | **N/A** | **N/A** |
| Or As Follows:   **N/A** | | |

**N/A**

**Late Charge.** If payment is not received in full within **10** days after it is due, you will pay a late charge of **5** % of each installment.

**Prepayment.** If you pay off all your debt early, you may have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

### WARRANTIES SELLER DISCLAIMS

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

Returned Payment Charge: If any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less; $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300; or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ **303.80** has been paid or will be paid directly to the Department of Revenue.

Certificate of Registration No **26-8000435726-1**

You assign all manufacturer rebates and cash back incentives used as a downpayment on this contract to seller. You agree to complete all documents required for assignment of rebates and incentives.

SELLER'S RIGHT TO CANCEL - If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on page 5 of this contract, which gives the Seller the right to cancel if Seller is unable to assign this contract within **15** days, will apply. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller a charge of $ **125.00** per day from the date of cancellation until the vehicle is returned or repossessed.

X _____   **N/A**
**Buyer Signs**     X _____   **Co-Buyer Signs**

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs **X** _____   Co-Buyer Signs **X**   **N/A**

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements.

Buyer Signs X _____   Co-Buyer Signs X   **N/A**

*ORIGINAL COPY*

**09/18/2017, 02:33 pm**
LAW 553-FL-ARB-eps 5/14 v1   Page 1 of 6

| | | |
|---|---|---|
| 1 | Cash Price (including $ ___2922.23___ sales tax) | $ 72412.73 (1) |
| 2 | Total Downpayment = 2014  MERCEDES-BENZ W  WDDHF5KB5EB016407 | |
| | Gross Trade-In Allowance | $ 27000.00 |
| | Less Pay Off Made By Seller (e) | $ 38100.00 |
| | Equals Net Trade In | $ -11100.00 |
| | + Cash | $ 3500.00 |
| | + Other _____ | $ N/A |
| | (If total downpayment is negative, enter "0" and see 4J below) | $ 0.00 (2) |
| 3 | Unpaid Balance of Cash Price (1 minus 2) | $ 72412.73 (3) |
| 4 | Other Charges Including Amounts Paid to Others on Your Behalf | |
| | (Seller may keep part of these amounts): | |
| A | Cost of Optional Credit Insurance Paid to Insurance | |
| | Company or Companies. | |
| | Life _____ $ _____ N/A | |
| | Disability _____ $ _____ N/A | $ N/A |
| B | Vendor's Single Interest Insurance Paid to Insurance Company | $ N/A |
| C | Other Optional Insurance Paid to Insurance Company or Companies | $ N/A |
| D | Optional Gap Contract | $ 799.00 |
| E | Official Fees Paid to Government Agencies | $ N/A |
| F | Government Documentary Stamp Taxes | $ 303.80 |
| G | Government Taxes Not Included in Cash Price | $ 53.80 |
| H | Government License and/or Registration Fees | |
| | N/A | $ N/A |
| I | Government Certificate of Title Fees | $ 190.85 |
| J | Other Charges (Seller must identify who is paid and | |
| | describe purpose) | |

| | to | for | |
|---|---|---|---|
| | to EXETER | for Prior Credit or Lease Balance (e) | $ 7600.00 |
| | to N/A | for N/A | $ N/A |
| | to MBUSA | for PRE PAID MAINT | $ 1850.00 |
| | to MBFS | for 1st Class Tire & Wheel Protect | $ 2600.00 |
| | to N/A | for N/A | $ N/A |
| | to MBFS | for DENT & DING | $ 540.00 |
| | to N/A | for N/A | $ N/A |
| | to N/A | for N/A | $ N/A |
| | to MBFS | for 1st Class Key Protection | $ 390.00 |
| | to N/A | for N/A | $ N/A |
| | Total Other Charges and Amounts Paid to Others on Your Behalf | | $ 14327.45 (4) |
| 5 | Loan Processing Fee Paid to Seller (Prepaid Finance Charge) | | $ N/A (5) |
| 6 | Amount Financed (3 plus 4) | | $ 86740.18 (6) |

OPTION: ☐ You pay no finance charge if the Amount Financed, Item 6, is paid in full on or before _____ N/A _____ , Year __N/A__ . SELLER'S INITIALS __N/A__

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __72__ Mos.  **1st CLASS GAP**
Name of Gap Contract

I want to buy a gap contract

Buyer Signs X

**NO COOLING OFF PERIOD**

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on page 6 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____  Co-Buyer Signs X __N/A__

Buyer Signs X _____  Co-Buyer Signs X __N/A__

---

Used car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in this contract of sale.

**Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**OPTIONAL SERVICE CONTRACTS**
You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

**REJECTION OR REVOCATION**
If you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of the vehicle and you claim a security interest in the vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.

**SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using pre-recorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**APPLICABLE LAW**
Federal law and the law of the state of our address shown on page 1 of this contract apply to this contract.

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. If you get any insurance from or through the Vendor's Single Interest insurance is checked below, is checked below, or at your choice of insurance provider. If you get insurance from or through us, you will not need to buy from anyone else or additional credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

## Optional Credit Insurance

| ☐ Credit Life: | ☐ Buyer | ☐ Co-Buyer | ☐ Both | ☐ Credit Disability: | ☐ Buyer | ☐ Co-Buyer | ☐ Both |
|---|---|---|---|---|---|---|---|
| Term ___ N/A | | | | Term ___ N/A | | | |

| Premium: Credit Life $ ___ N/A | Credit Disability $ ___ N/A |
|---|---|
| Insurance Company Name ___ N/A | Home Office Address ___ N/A |

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments:

1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

| **X** ___ N/A | 09/16/2017 | **X** ___ N/A | 09/16/2017 |
|---|---|---|---|
| Buyer | Date | Co-Buyer | Date |

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

| **X** ___ N/A | 09/16/2017 | **X** ___ N/A | 09/16/2017 |
|---|---|---|---|
| Buyer | Date | Co-Buyer | Date |

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

| **X** ___ N/A | 09/16/2017 | **X** ___ N/A | 09/16/2017 |
|---|---|---|---|
| Buyer | Date | Co-Buyer | Date |

## Other Optional Insurance

| ☐ N/A | N/A | Premium $ ___ N/A |
|---|---|---|
| Type of Insurance | Term | |
| Insurance Company Name & Address | | |
| N/A | | |

| ☐ N/A | N/A | Premium $ ___ N/A |
|---|---|---|
| Type of Insurance | Term | |
| Insurance Company Name & Address | | |
| N/A | | |

| ☐ N/A | N/A | Premium $ ___ N/A |
|---|---|---|
| Type of Insurance | Term | |
| Insurance Company Name & Address | | |
| N/A | | |

| ☐ N/A | N/A | Premium $ ___ N/A |
|---|---|---|
| Type of Insurance | Term | |
| Insurance Company Name & Address | | |
| N/A | | |

| ☐ N/A | N/A | Premium $ ___ N/A |
|---|---|---|
| Type of Insurance | Term | |
| Insurance Company Name & Address | | |
| N/A | | |

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

| **X** ___ N/A | N/A | **X** ___ N/A | N/A |
|---|---|---|---|
| Buyer Signature | Date | Co-Buyer Signature | Date |

## LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ ___ N/A ___ and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract. You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

| Buyer Signs **X** | Co-Buyer Signs **X** ___ N/A | Date: ___ N/A |
|---|---|---|

| Buyer Signs X | Co-Buyer Signs X ___ N/A | |
|---|---|---|

ORIGINAL COPY

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will treat any Prepaid Finance Charge as fully earned on the date of this contract. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of your Principal Balance at any time. If the contract is paid in full within six months after the date you sign it, we may impose an acquisition charge, not exceeding $75, for services performed on your behalf for processing this contract. If you prepay, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**e. You may ask for a payment extension.** You may ask us for a deferral of the scheduled due date of all or any part of a payment (extension). If we agree to your request, we may charge you a $15 extension fee. You must maintain the physical damage insurance required by this contract (see 2.d.) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says. You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it, and you pay the charge for extending this insurance.

If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**

You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

**d. Insurance you must have on the vehicle.**

You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge at the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. This includes any attorneys' fees we incur as a result of any bankruptcy proceeding brought by or against you under federal law.

Buyer Signs X _____  Co-Buyer Signs X ___**N/A**___

**d.** **We may take the vehicle from you.** If you default, we may take the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e.** **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**f.** **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g.** **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

---

**Seller's Right to Cancel**

**a.** Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit, locate financing for you on the exact terms shown on page 1 of this contract, and assign this contract to a financial institution. You agree that Seller has the number of days stated on page 1 of this contract to assign this contract. You agree that if Seller is unable to assign this contract within this time period to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel this contract. Seller's right to cancel this contract ends upon assignment of this contract.

**b.** If Seller elects to cancel per Paragraph a above, Seller will give you written notice (or in any other manner in which actual notice is given to you). In that event, you may have the option of negotiating and signing a new contract with different financing terms (for example, a larger down payment, a higher annual percentage rate, a required cosigner, etc.) or you may pay with alternate funds arranged by you.

**c.** Upon receipt of the notice of cancellation, you must return the vehicle to Seller within 48 hours in the same condition as when sold other than reasonable wear for the time you had it. Except as described below, Seller must give you back all consideration Seller has received from you in connection with this contract.

**d.** If you do not return the vehicle within 48 hours after receipt of the notice of cancellation, you agree that Seller may use any lawful means to take it back (including repossession if done peacefully) and you will be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller the charge shown in the Seller's Right to Cancel provision on page 1 of this contract for each day you do not return the vehicle after receipt of the notice of cancellation.

**e.** While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage done to the vehicle while the vehicle is in your possession. Seller may deduct from any consideration due to you under paragraph c. above Seller's reasonable costs to repair the vehicle and any daily charges you incur if you fail to return the vehicle within 48 hours after receipt of the notice of cancellation. If Seller cancels this contract, the terms of this Seller's Right to Cancel provision (including those on page 1 of this contract) remain in effect even after you no longer have possession of the vehicle.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Buyer Signs X _____  Co-Buyer Signs X ____ **N/A** ____

**ARBITRATION PROVISION**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION, AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose  the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

| Trade-In Vehicle | | Trade-In Vehicle | |
|---|---|---|---|
| Year 2014  Make MERCEDES-BENZ | | Year N/A  Make N/A | |
| Model E350W | | Model N/A | |
| VIN WDDHF5KB5EB016497 | | VIN N/A | |
| Gross Trade-In Allowance $ | 27000.00 | Gross Trade-In Allowance $ | N/A |
| Payoff Made by Seller $ | 38100.00 (e) | Payoff Made by Seller $ | N/A (e) |
| Lienholder EXETER | | Lienholder N/A | |

You assign to Seller all of your rights, title and interest in such trade-in vehicle(s).  Except as expressly stated to Seller in writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials _____  Co-Buyer Initials ___N/A___

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in item 2 of the itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown above and in item 2 to the lienholder or lessor of the trade-in vehicle, or its designee: If the actual payoff amount is more than the amount shown above and in item 2 you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown above and in item 2 Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on page 5 of this contract, any assignee of this contract will not be obligated to pay the Pay Off Made by Seller shown above and in item 2 or any refund.

Buyer Signature X_____  Co-Buyer Signature X_____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X_____  Date 09/16/201  Co-Buyer Signs X  N/A  Date 09/16/201

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X_____  Address_____

Seller Signs Mercedes-Benz of Coral Gables  Date 09/18/2017 By X_____  Title FINANCE MANAGER

Seller assigns its interest in this contract to Mercedes-Benz FinServUSALLC  (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse  ☒ Assigned without recourse  ☐ Assigned with limited recourse

Seller Mercedes-Benz of Coral Gables  By_____  Title FINANCE MANAGER

FORM NO. 553-FL-ARB-eps (REV. 5/14)  U.S. PATENT NO. D460,782  ©2014 The Reynolds and Reynolds Company  THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL COPY